Upon review of all of the competent evidence of record with reference to the errors assigned, and finding no good ground to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the award, the Full Commission AFFIRMS and ADOPTS the Decision and Order of the Deputy Commissioner except for the addition of paragraph 3 to the Order:
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing before the Deputy Commissioner as
STIPULATIONS
1. The date of the alleged negligent act giving rise to the claim was May 15, 1995.
2. The employee of the state involved was Felton Whitaker. He was an employee of the North Carolina Department of Correction, an agency of the State of North Carolina, and was acting at the time within the scope of his employment.
******************
Based upon all of the competent evidence in the record, the Full Commission adopts the findings of the Deputy Commissioner and finds as follows:
FINDINGS OF FACT
1. Plaintiff has been in the custody of the Department of Correction for eight years. As of May 1995 he had been assigned to Caledonia Prison for five to eight months and he worked on the horticulture work squad at the prison farm. The horticulture squad planted and tended crops, dug ditches on the farm and performed other functions necessary to the operation of a farm. Inmates on the squad would be picked up at the camp and driven by bus out into the fields. While working, they were under the supervision of different correctional officers than those in charge of the camp. At lunch time, the inmates were driven back to the camp so that they could eat, and they were then taken back to the fields to work during the afternoon.
2. On May 15, 1995 plaintiff and the other inmates of the horticulture work squad were taken out to the fields by bus, and they worked on the farm during that morning. When it was time for lunch, they were loaded into the bus to be driven back to the prison camp. While making a sharp turn from one path to another out in the fields, Felton Whitaker, the officer driving the bus, cut the corner too tight and the left rear wheel of the bus slid into a ditch. When the bus lurched into the ditch, plaintiff hit his forehead on a railing inside of the bus.
3. At the time of his injury, plaintiff was being transported on the bus used by the farm and the bus was still out in the fields on the farm premises. He had been placed in the custody of the farm's correctional officers that morning when he got onto the bus and had not yet returned to the prison camp. Transportation to and from the fields was by necessity provided by the prison farm to the inmates working there. Consequently, plaintiff was still within the course of his employment by the prison farm at the time of the accident.
******************
Based upon the foregoing stipulations and findings of fact, the Full Commission concludes as follows:
CONCLUSION OF LAW
1. Having been injured in the course and scope of his employment with the prison farm, plaintiff's exclusive remedy is through the Workers' Compensation Act. Consequently, there is no jurisdiction under the State Tort Claims Act. G.S. § 97-2; G.S. § 97-10.1; G.S. § 97-13(c); Richardson v. North Carolina Departmentof Correction, 345 N.C. 128, 478 S.E.2d 501 (1996).
******************
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following
ORDER
1. This claim is hereby DISMISSED.
2. Each side shall pay its own costs.
3. IT IS FURTHER ORDERED that defendant, North Carolina Department of Correction, shall file a Form 19, Employer's Report of Injury to Employee (workers' compensation claim) with the Industrial Commission within 30 days of the filing of this Order.
 S/ ___________________________ BERNADINE S. BALLANCE COMMISSIONER
CONCURRING:
S/ ___________________________ J. HOWARD BUNN, JR. CHAIRMAN
S/ ___________________________ COY M. VANCE COMMISSIONER
BSB:md